IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE HAMILTON, <br> Dall. Cnty. Jail BookIn No. 21018868, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| V. | § <br> § | No. 3:21-cv-3051-S-BN |
| OFFICER BELL, ET AL., | § <br> § <br> § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Lee Hamilton, an inmate at the Dallas County jail, filed a *pro se* civil rights complaint against officers at the jail alleging that they were deliberately indifferent to him based on an incident in his pod during which one inmate harassed another. *See* Dkt. No. 3. The presiding United States district judge referred Hamilton's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. Through a separate order, the Court will grant Hamilton's motion for leave to proceed *in forma pauperis* (IFP) under the Prison Litigation Reform Act (the PLRA). And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this case with prejudice under 28 U.S.C. § 1915A and determine that this dismissal counts as a strike under 28 U.S.C. § 1915(g), under which prisoners may not proceed IFP if, while incarcerated or detained in any facility, they have filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim.

## Legal Standards

Under the PLRA, where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the Federal Rules of Civil Procedure nor the PLRA "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11 (citations omitted).

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is

implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as "*[p]ro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient ....'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction

does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## Analysis

Hamilton alleges that, on November 13, 2021, in the jail's Pod 2G, an inmate on the pod harassed another inmate with the intent to get that inmate off the pod and start fights. *See* Dkt. No. 3 at 4. He further alleges that an officer at the jail read "hand sign language by" the harassing inmate but did not intervene and instead got back at Hamilton by labeling him a "snitch." *Id.* And Hamilton alleges that officers at the jail were deliberately indifferent to him because they either "refused to get me a ranking officer," "refused to see me," or "did nothing to stop the harassment." *Id.* at 3 (cleaned up). So, liberally construing Hamilton's allegations to find a constitutional violation, he appears to contend that officers at the jail failed to protect him from another inmate.

"It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Johnson v. Johnson*, 694 F. App'x 945, 946 (5th Cir. 2017) (per curiam) (quoting *Longoria v. Texas*, 473

F.3d 586, 592 (5th Cir. 2006) (citing, in turn, *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994))). "This duty is derived from the prohibition of 'cruel and unusual punishments' in the Eighth Amendment." *Williams v. Hampton*, 797 F.3d 276, 280 (5th Cir. 2015) (en banc) (footnotes omitted); *accord Jason v. Tanner*, 938 F.3d 191, 195 (5th Cir. 2019) ("[A]s we reiterated in *Williams*, 'prison officials have a duty to protect prisoners from violence at the hands of other prisoners.'" (footnote omitted)).

> The Supreme Court has explained that "[i]t is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." The Court has made clear "that a prison official violates the Eighth Amendment only when two requirements are met." One is that "the deprivation alleged must be, objectively, 'sufficiently serious.'" "For a claim ... based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." "The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" "To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'" The Supreme Court has explained that "[i]n prison-conditions cases, that state of mind is one of 'deliberate indifference' to inmate health or safety."

*Williams*, 797 F.3d at 280.

The United States Court of Appeals for the Fifth Circuit "has based its Fourteenth Amendment case law concerning pretrial detainees on the [United States] Supreme Court's Eighth Amendment precedent concerning prisoners. Among those borrowings is our understanding of subjective deliberate indifference." *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019) (citations omitted); *see, e.g., Oliver v. Gusman*, ___ F. Supp. 3d ___, Civ. A. No. 18-7845, 2020 WL 1303493, at *3 & n.15 (E.D. La. Mar. 19, 2020) (noting that "[t]o establish a violation of this right, a detainee must show (1) 'that he is incarcerated under conditions posing a substantial risk of

serious harm,' and (2) that the prison official acted with 'deliberate indifference to inmate health and safety'"; that, "[i]n this context, deliberate indifference contains a subjective requirement; a plaintiff must show that (1) the prison official was 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' and (2) the official 'must also draw the inference'"; and that the subjective standard still applies to pretrial detainees in this circuit even after *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) (citing *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 n.4 (5th Cir. 2017); citations omitted)).

And deliberate indifference is, in sum, "a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." *Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting, in turn, *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992))).

First, Hamilton alleges no physical injuries, which is significant, because, under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e); *see, e.g., Bernard v. Tong*, 192 F.3d 126, 1999 WL 683864, at *1 (5th Cir. Aug. 9, 1999) (per curiam) ("Bernard's complaint alleges mental injuries, but fails to allege any physical injuries. Thus his action is barred under the PLRA." (citations omitted)).

Any request for compensatory damages should therefore be dismissed. *See, e.g., Barrett v. Washington Cnty., Miss.*, No. 4:07CV14-P-A, 2007 WL 47497, at *1 (N.D. Miss. Feb. 9, 2007) ("The plaintiff's case must be dismissed because he has suffered no physical injury. A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for psychological or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). In this case, the plaintiff has alleged no physical injury, and, indeed, could not reasonably do so given the nature of this claim. Therefore, monetary damages are not available to him. Further, as he has not requested injunctive relief, no relief is available to him, and the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.").[1]

And, to the extent that Hamilton may recover nominal or punitive damages, which would not be barred under Section 1997e(e) where there is no physical injury, *see Hutchins v. Daniels*, 512 F.3d 193, 198 (5th Cir. 2007) (per curiam), or seeks other available relief, he has not alleged a plausible constitutional violation.

Hamilton's contention that the officers were deliberately indifferent to him is

---

[1] *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) ("The underlying claim of an Eighth Amendment violation, however, is distinct from this claim for resulting emotional damages. Section 1997e(e) prohibits only recovery of the damages Harper seeks absent a *physical* injury. He also seeks a declaration that his rights have been violated, and he requests injunctive relief to end the allegedly unconstitutional conditions of his confinement; these remedies survive § 1997e(e). We must address, therefore, whether Harper states a nonfrivolous Eighth Amendment claim." (citation and footnote omitted)).

a legal conclusion, not a fact. And the facts that he does provide do not plausibly show that a jail official violated the constitutional duty to protect him from violence at the hands of his fellow inmates. First, Hamilton's allegations fail to include facts from which the Court may infer that, objectively speaking, he has suffered a sufficiently serious deprivation at the hands of another inmate. And, as to the officers, Hamilton has not plausibly alleged that one acted with deliberate indifference – that is, that an officer made an intentional choice to not protect him.

## Leave to Amend

While the undersigned finds that Hamilton has stated his best case and, for the reasons stated above, his claims should be dismissed with prejudice, the time to file objections to these findings, conclusions, and recommendation (further explained below) allows Hamilton an opportunity to explain how he would cure the deficiencies in his initial complaint and thus show the Court that his case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend his claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave

to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

## Recommendation

The Court should dismiss this case with prejudice under 28 U.S.C. § 1915A and count this dismissal as a strike under 28 U.S.C. § 1915(g).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 13, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE