IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LEE HAMILTON,                          §
Dall. Cnty. Jail BookIn No. 21018868,  §
                                       §
          Plaintiff,                   §
                                       §
V.                                     §          No. 3:21-cv-3051-S-BN
                                       §
OFFICER BELL, ET AL.,                  §
                                       §
          Defendants.                  §

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lee Hamilton, an inmate at the Dallas County jail, filed a *pro se* civil rights complaint against officers at the jail alleging that they were deliberately indifferent to him based on an incident in his pod during which one inmate harassed another. *See* Dkt. No. 3. The presiding United States district judge referred Hamilton's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The Court granted Hamilton's motion for leave to proceed *in forma pauperis* (IFP) under the Prison Litigation Reform Act (the PLRA). *See* Dkt. Nos. 4-6.

And, on December 13, 2021, the undersigned entered findings of fact and conclusions of law recommending that the Court dismiss this case with prejudice under 28 U.S.C. § 1915A and determine that this dismissal counts as a strike under 28 U.S.C. § 1915(g), under which prisoners may not proceed IFP if, while incarcerated or detained in any facility, they have filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim

[Dkt. No. 7] (the Initial FCR).

The Court has now received Hamilton's amended complaint and separate motion for leave to file an amended complaint. *See* Dkt. Nos. 8, 9.

Federal Rule of Civil Procedure 15 "gives plaintiffs a temporary right to amend their complaints," and, even after that right expires, Rule 15 "*requires* courts 'freely give leave [to amend] when justice so requires.'" *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citing FED. R. CIV. P. 15(a)(1), then quoting FED. R. CIV. P. 15(a)(2)). And Hamilton's temporary right to amend his complaint <u>once</u> as a matter of course has not expired. *See* FED. R. CIV. P. 15(a)(1); *see also Logue v. Patient First Corp.,* 246 F. Supp. 3d 1124, 1126-27 (D. Md. 2017) ("The Court emphasizes the last phrase of Rule 15(a)(1)(B): '*whichever is earlier*.' The singular nature of that phrase reinforces the leading phrase, 'A party may amend its pleading once as a matter of course ...,' to mean *only one* opportunity is afforded by Rule 15 to amend any pleading as a matter of course. Once means once.").

The Court DIRECTS the Clerk of Court to TERMINATE, as unnecessary, Hamilton's motion for leave to amend [Dkt. No. 9]. And, while the amended complaint adds additional facts, those facts do not alter the undersigned's recommendation that, for the reasons explained in the Initial FCR, Hamilton's claims should be dismissed under the PLRA because they fail to present grounds on which relief may be granted.

## Recommendation

The Court should dismiss this case with prejudice under 28 U.S.C. § 1915A and count this dismissal as a strike under 28 U.S.C. § 1915(g).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 21, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE